PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Volvo struck an area on the edge of the road which had eroded as she was driving on Walker’s Branch Road in Wayne County. Walker’s Branch Road is situated near W.Va. Route 75, and it is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on January 7, 2008. As claimant was driving up the hill at approximately thirty to thirty-five miles per hour, she noticed an oncoming vehicle traveling on the road’s center line. When claimant maneuvered her vehicle over to the side of the road to avoid the oncoming vehicle, her vehicle encountered the area on the road which had eroded. As a result of this incident, claimant’s vehicle sustained damage to its tire. Claimant testified that she had Michelin tires on her vehicle at the time of the incident. When she went to Sears to replace the tire with another Michelin tire, there were none available for her to purchase. She did not want to drive on a donut tire so she purchased four Cuma brand tires at a cost of $234.46 ($ 116.98 per tire). Since claimant had road hazard insurance and received a credit of $ 112.22 for the purchase of the tire, her out-of-pocket expense was $4.76 for the tire. In addition, claimant needed to have the tire balanced ($13.99) and a valve check ($3.99). Thus, claimant’s damages total $22.74.
The position of the respondent is that it did not have actual or constructive notice of the condition on Walker’s Branch Road. Randolph Eugene Smith, Wayne County Supervisor for respondent, testified that Walker’s Branch Road is a secondary road in terms of its maintenance. Mr. Smith stated that under the Core Maintenance Plan, the berm at this location is maintained every three years. Mr. Smith testified that respondent did not receive complaints regarding the road’s condition prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep ’t *18 of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the eroded area and that it presented a hazard to the traveling public. Since vehicles are frequently forced to drive on the edge of the road due to oncoming traffic at this narrow location on Walker’s Branch Road, the Court finds that this area should have been maintained more frequently than every three years. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. However, claimant’s recovery is limited to her out-of-pocket expenses.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $22.74.
Award of $22.74.